■ In the Matter of FLORENCE G. SCHIFFMAN, as Executrix of ZACHARY SCHIFFMAN, Deceased, Respondent, v HARVEY S. ZUCKERMAN et al., Appellants.

Pursuant to a provision in a stockholders' agreement mandating that disputes under the agreement be submitted to arbitration, appellants demanded arbitration of their claim that petitioner, the executrix of the estate of one of the stockholders, improperly refused to sell decedent's shares to them. The stockholders' agreement provided, *inter alia,* that upon the death of any of the stockholders, the surviving stockholders shall have the option of accepting the heirs or legal representative in the decedent's stead, or of purchasing the decedent's shares. A rider to the stockholders' agreement permitted each stockholder to transfer his stock, *inter alia,* to a "Clifford trust" in which he is named trustee, or another type of trust subsequently approved by the stockholders and board of directors.

Special Term concluded that appellants had no standing to seek arbitration, based on its finding that appellant Harvey Zuckerman had violated the rider by creating a Clifford trust which named appellant Marilyn Zuckerman as trustee of the stock. We disagree.

The fact that the corporation reissued the stock to Marilyn in accordance with the trust agreement should have precluded Special Term from summarily holding the trust to be invalid. Moreover, it was improper for Special Term to effectively conclude that the alleged violation of the stockholders' agreement operated to terminate the applicability of the arbitration provision as to appellants. Issues pertaining to the termination of an arbitration agreement are to be resolved at arbitration (*e.g., Matter of Schlaifer v Sedlow,* 51 NY2d 181). Moreover it was improper for Special Term to conclude that appellants were precluded from exercising their option to purchase decedent's stock. Upon the record before it, whether appellants had such an option depended on the interpretation of a provision in the stockholders' agreement. Since the interpretation of the agreement was a matter for the arbitrator, the application for a stay should have been denied and the cross application to compel arbitration should have been granted. Lazer, J. P., Gibbons, O'Connor and Weinstein, JJ., concur.